UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROSALYNN BRISTOL, *on behalf of herself*
*and all others similarly situated*,

                    Plaintiff,

          v.

FORSTER & GARBUS, LLP,
JOHN DOES 1–25,

                    Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-1678 (RPK) (MMH)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Rosalynn Bristol brings this putative class action against Forster & Garbus, LLP ("F&G") and John Does 1–25, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. *See* Compl. (Dkt. #1). Because plaintiff has failed to adequately plead facts establishing standing, F&G's motion to dismiss is granted.

## BACKGROUND

The factual allegations in plaintiff's complaint are assumed true for the purposes of this order. F&G is a law firm involved in debt collection, and John Does 1–25 are employees, agents, and successors of F&G. *Id.* ¶¶ 1, 7–8. Plaintiff is a consumer who incurred a debt to Westlake Services, LLC ("Westlake") by obtaining goods and services for personal use. *Id.* ¶¶ 16–19. Plaintiff defaulted on the debt, and Westlake referred the debt to F&G for collection. *Id.* ¶¶ 24–26. In October 2022, F&G brought a lawsuit against plaintiff in New York state court, seeking to collect a debt of $16,568.35. *Id.* ¶¶ 27, 32. Plaintiff claims that she does not owe a debt of that amount, and that the payment history record attached as an exhibit to F&G's complaint showed a balance amount of $14,747.05, not $16,568.35. *Id.* ¶ 35; *see id.* at 33. According to plaintiff, the state-court lawsuit remains pending. *See* Mem. of Law in Opp'n 1 (Dkt. #13-4).

In March 2023, plaintiff brought this putative class action in federal court, alleging that in suing plaintiff for $16,568.35, defendants made false, deceptive, or misleading representations and used unfair or unconscionable means to attempt to collect debt in violation of the FDCPA, 15 U.S.C. §§ 1692e and 1692f.  Compl. ¶¶ 41–61.  While the factual allegations in plaintiff's complaint are threadbare, her briefing indicates her theory is that the state-court complaint filed against her contains false and misleading statements, and constitutes an unfair and unconscionable means of collecting a debt, because the true amount plaintiff owes is the balance amount of $14,747.05 reflected in the payment history attached to the state-court complaint, rather than the outstanding balance of $16,568.35 asserted in the state-court complaint itself.  *See* Mem. of Law in Opp'n 1.

Defendant F&G now moves to dismiss the complaint for lack of standing.  *See* Mot. to Dismiss (Dkt. #13).

## DISCUSSION

Plaintiff's lawsuit is dismissed for lack of standing.

The federal judicial power is limited to the adjudication of "Cases" and "Controversies."  U.S. Const. art. III, § 2.  "'Under Article III, a case or controversy can exist only if a plaintiff has standing to sue,' meaning a personal stake in the outcome of the litigation."  *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 45 (2d Cir. Dec. 15, 2023) (en banc) (quoting *United States v. Texas*, 599 U.S. 670, 675 (2023)).  Standing does not exist in every case in which "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016).  Instead, to establish standing, "a plaintiff must show (i) that [she has] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury

would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). "The 'manner and degree of evidence required' to meet this burden depends on the stage of litigation," and "'[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice.'" *Soule*, 90 F.4th at 45 (quoting *Lujan*, 504 U.S. at 561).

Here, plaintiff has failed to allege an injury in fact that is concrete, particularized, and actual or imminent. While the complaint alleges that defendants violated plaintiff's rights under the FDCPA, a statutory violation, without more, does not constitute an injury in fact sufficient to support Article III standing. *See Spitz v. Caine & Weiner Co.*, No. 23-CV-7853 (PKC) (CLP), 2024 WL 69089, at *2 (E.D.N.Y. Jan. 5, 2024) ("[E]ven where a defendant violates a statute such as the FDCPA, the plaintiff has not necessarily suffered an injury-in-fact sufficient to establish Article III standing."). Rather, "[o]nly those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion LLC*, 594 U.S. at 427. Plaintiff's complaint does not identify any specific injuries that plaintiff suffered as a result of defendants' alleged statutory violation.

In responding to defendant's motion to dismiss, plaintiff argues that the ongoing state-court collection action inflicts an injury in fact because it exposes plaintiff to a potential judgment in state court. *See* Mem. of Law in Opp'n 4–5; *see also* Resp. to Order to Show Cause 4 (Dkt. #7) (same). However, the possibility of a future adverse judgment in state court is too speculative to confer standing. "[A] future injury constitutes an Article III injury in fact only 'if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 300 (2d Cir. 2021) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). "'[A]llegations of possible future injury' or even an

'objectively reasonable likelihood' of future injury are insufficient." *Ibid.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409–10 (2013)).  Plaintiff has not alleged that an adverse judgment in an erroneous amount is certainly impending or at substantial risk of occurring.  Indeed, if anything, plaintiff's allegations suggest it is implausible such a judgment would be rendered, for plaintiff alleges that defendants themselves attached to their state-court complaint the underlying account records that belie the amount plaintiff alleges is erroneously sought in the state-court complaint itself.  Accordingly, plaintiff has not established an actual or imminent injury in fact based on her potential liability in state court.  *Accord Brooklyn Union Gas Co. v. Exxon Mobil Corp.*, 478 F. Supp. 3d 417, 429 (E.D.N.Y. 2020) (holding that liability for legal violations in an ongoing lawsuit "may not itself constitute an injury-in-fact sufficient to confer standing").

Plaintiff has also failed to allege facts supporting any other theory of concrete injury from defendants' lawsuit.  To be sure, because "[l]oss of money is a concrete injury-in-fact that is recoverable under the FDCPA," *Millwood v. Adams*, No. 20-CV-01035 (LPR), 2021 WL 4466309, at *6 (E.D. Ark. Sept. 29, 2021), some courts have found that costs associated with defending a state-court lawsuit can constitute an injury in fact.  For instance, the *Millwood* court reasoned that if a defendant filed a motion that rested on false or misleading claims, the portion of a plaintiff's attorney fees that were incurred to respond to the meritless motion would be a concrete injury fairly traceable to the defendant's false or misleading statements.  *Id.* at *8.  Here, though, plaintiff has not made factual allegations to support such a theory of injury.  Indeed, plaintiff has not alleged that she incurred any costs associated with defending the state-court lawsuit.  She has therefore failed to allege standing on that basis.  *Cf. Gentile v. Am. Express Co.*, No. 21-CV-7210 (LDH), 2023 WL 4209623, at *2 (E.D.N.Y. June 27, 2023) (holding that a plaintiff failed to establish standing in an FDCPA case because "although [he] makes a boilerplate allegation that he sustained

4

lost earnings and litigation expenses, he fails to plead any specific facts that could allow the Court to draw such an inference").

## CONCLUSION

Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) is granted and this case is dismissed for lack of subject-matter jurisdiction.  Plaintiff may file a motion seeking leave to file an amended complaint within thirty days.  Any such motion should include the proposed amended complaint as an exhibit and explain why leave to amend should be granted. If plaintiff does not seek leave to amend within thirty days, judgment shall be entered and the case shall be closed.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: February 13, 2024
       Brooklyn, New York